**WO**                                                                                                                          JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron R. Shreeve,            ) | No. CV 07-2477-PHX-MHM (MHB) |
| Petitioner,   ) | **ORDER** |
| vs.                                  ) | |
| Dora B. Schriro, et al.,        ) | |
| Respondents.    ) | |

Before the Court are Petitioner's motion for conditional release (Doc. #10) and Respondents' motion to file a supplemental response to that motion (Doc. #15). The Court will deny both motions.

**I.    Background**

Petitioner filed a 28 U.S.C. § 2254 petition challenging his conviction and sentence of 8-years-imprisonment for kidnaping (Doc. #10). In his petition, Petitioner alleged that the aggravated sentence for kidnaping violated his Sixth and Fourteenth Amendment rights under Blakely v. Washington, 542 U.S. 296 (2004), because it was based on facts not admitted by him in the plea or determined by a jury. The Court ordered the State to respond to the petition, and, after granting an extension, directed the Answer to be filed by April 17, 2008 (Doc. ##3, 9).

On February 27, 2008, Petitioner filed a "Motion to Take Judicial Notice and Make Finding of Fact for Conditional Release of Petitioner from State Custody" (Doc. #10). He requested that, due to "impairment of [his] substantive rights," the Court grant him a

1 conditional release from the Arizona Department of Corrections (ADC) (id. at 2). Petitioner
2 contended that his lawful, presumptive, 5-year sentence expired on February 27, 2008; thus,
3 conditional release on his own recognizance pending his habeas proceedings is now
4 warranted (id. at 3-4, 8-9). He asked the Court to make factual findings on the merits of his
5 habeas claim as set forth in his § 2254 petition and his pending motion (id. at 2).[1]

6 Respondents opposed Petitioner's motion on the grounds that (1) this request for relief
7 comes before they have had the chance to file their Answer with its affirmative defenses or
8 address the petition on its merits and (2) there is no case authority, Rules of Civil Procedure,
9 or Rules Governing § 2254 Cases that provide for such relief (Doc. #11). Respondents
10 requested that consideration of the motion be stayed until an Answer could be prepared.

11 Respondents then filed a "Motion to File a Supplemental Response" (Doc. #15),
12 seeking to supplement their response after review of the record and filing of their Answer,
13 which was filed simultaneously on April 17, 2008 (Doc. #14).

14 **II.     Preliminary Injunctive Relief**

15 Petitioner seeks injunctive relief and, therefore, must demonstrate "(1) a strong
16 likelihood of success on the merits, (2) the possibility of irreparable injury to [him] if
17 preliminary relief is not granted, (3) a balance of hardships favoring [him], and (4)
18 advancement of public interest (in certain cases)." Beardslee v. Woodford, 395 F.3d 1064,
19 1067 (9th Cir. 2005) (citations omitted). Alternatively, Petitioner "must show either (1) a
20 likelihood of success on the merits and the possibility of irreparable injury or (2) the
21 existence of serious questions going to the merits and the balance of hardships tipping in
22 [Petitioner's] favor." Warsoldier v. Woodford, 418 F.3d 989, 993-94 (9th Cir. 2005)
23 (citations omitted).

24 Petitioner has failed to meet either standard for injunctive relief. He does not
25 demonstrate a likelihood of success nor does he present serious questions going to the merits.
26 As to the balance of hardships, he merely asserts that he is the only one prejudiced by

27
28      [1] In support of his motion, Petitioner cited to exhibits attached to his § 2254 petition (see Doc. #10 at 5).

- 2 -

continued confinement (Doc. #10 at 9). But even if Petitioner were successful on his petition, he would only be constitutionally entitled to re-sentencing. Regardless, it is not plain that the merits of Petitioner's claims are so strong as to warrant either expedited adjudication or immediate relief from his current detention. See In re Roe, 257 F.3d 1077, 1081 (9th Cir. 2001) (declining to resolve issue of whether a district court has the authority to release a prisoner pending resolution of a habeas case, but holding that if such authority does exist, it can only be exercised in an "extraordinary case involving special circumstances").

Finally, given that Petitioner's motion requests the same relief that he seeks in his pending § 2254 petition, a ruling at this stage—before consideration of the Answer—would be premature. Petitioner's motion for conditional release will therefore be denied.

Because Petitioner fails to make any showing for injunctive relief, the Court need not consider Respondents' supplemental response, and their "Motion to File Supplemental Response" (Doc. #15) will be denied as moot.

**IT IS ORDERED:**

(1) Petitioner's "Motion to Take Judicial Notice and Make Finding of Fact for Conditional Release of Petitioner From State Custody" (Doc. #10) is **denied**.

(2) Respondents' "Motion to File Supplemental Response" (Doc. #15) is **denied** as moot.

DATED this 22nd day of July, 2008.

_____
Mary H. Murgula
United States District Judge