IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron R. Shreeve,<br><br>         Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>         Respondents. | No. CIV 07-2477-PHX-MHM (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT JUDGE:

    Pending before this Court is Petitioner Aaron Shreeve's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Doc. #1). Respondents have filed an Answer (Doc. #14), and Petitioner has filed a Reply (Doc. #16). Petitioner raises one claim in his Petition: relying in part upon Blakely v. Washington[1], Petitioner claims that he was sentenced to an aggravated 8-year sentence based upon facts not found by a jury in violation of his right to a jury trial under the Sixth Amendment and his right to due process under the Fourteenth Amendment. (Doc. #1 at 6.) Respondents argue that the Petition should be dismissed because the claim raised by Petitioner is procedurally barred, or alternatively, the facts upon which the trial court aggravated Petitioner's sentence were exempt from Blakely,

---

[1] 542 U.S. 296 (2004).

because Petitioner plead guilty to those same facts and admitted them in his plea colloquy. (Doc. #14.)

## BACKGROUND

**A. <u>Trial Court Proceedings</u>**:

Petitioner was indicted by a State of Arizona, Maricopa County Grand Jury on March 10, 2003, on nine felony counts: one count of kidnaping, (Count 8), alleged to have occurred on December 11, 2002; one count of sexual assault (Count 5), alleged to have occurred on December 11, 2002; one count of sexual abuse (Count 6), alleged to have occurred on December 11, 2002; three counts of robbery, alleged to have occurred on December 4, 2002 (Count 1) and December 11, 2002 (Counts 3 & 7); and three counts of burglary in the third degree, alleged to have occurred on December 4, 2002 (Count 2) and December 11, 2002 (Counts 4 & 9). (Doc. #14, Exh. 1.) Pursuant to a plea agreement, Petitioner pled guilty on July 16, 2003, to Count 8, kidnaping, Count 5, attempted sexual assault (as amended); and Counts 1 & 2, robbery. (Doc. #1, Exh. B.) The state agreed to dismiss the remaining counts of the indictment and its allegation pursuant to A.R.S. 13-702.02, of multiple offenses not committed on the same occasion. (<u>Id.</u>)

In his plea agreement Petitioner was advised of the following with respect to the prison sentencing range on Count 8, the kidnaping charge[2]:

> The crimes in Count 8 carries a presumptive sentence of 5 years; a minimum sentence of 4 years (3 years if the court finds exceptional circumstances); and a maximum sentence of 10 years.

(Doc. #1, Exh. B, at 1, ¶1.)

The parties furthermore, in paragraph 2 of the plea agreement, stipulated as follows with respect to his sentence on the kidnaping charge:

> FOR COUNTS 8 THE DEFENDANT SHALL BE SENTENCED TO THE DEPARTMENT OF CORRECTIONS **FOR NOT LESS THAN THE PRESUMPTIVE.**

(Id. ¶2) (upper case in original)(emphasis added.)

---

[2] The plea agreement also contained provisions relating to sentencing on the other counts, which are not pertinent here.

Other provisions of the plea agreement addressed waivers agreed to by Petitioner, including:

> Unless this plea is rejected by the court or withdrawn by either party, the Defendant hereby waives and gives up any and all motions, defenses, objections or requests which he/she has made or raised, or could assert hereafter, to the Court's entry of judgment against him/her and imposition of a sentence upon him/her consistent with this agreement . . .

(Id. ¶6.)

> I understand that by pleading guilty I will be waiving and giving up my right to a determination of probable cause, **to a trial by jury**, . . .

(Id. ¶10)(emphasis added)

At the change of plea hearing, held on July 16, 2003, Petitioner, through counsel, gave the factual basis underlying his guilty pleas:

> [DEFENSE COUNSEL] With regards to Count 8, on or about the 11th day of December, 2002, with the intent to restrain Ms. Dominguez, prevented her from leaving. It was a laundromat and she was in the back room and he stood in the doorway and prevented her from leaving. His intent at the scene in Count 5 was to commit some sort of sexual offense on her.
>
> [THE COURT] Specifically to have sex with her without her consent?
>
> [DEFENSE COUNSEL] That's correct . . .Judge, in regards to Count 5, on or about December 11, 2002, in Tempe, Maricopa County, Mr. Shreeve attempted to have sexual contact with Marie Dominguez without her consent. Depending on who you ask it was either sexual contact or sucking on the breasts.
>
> [THE COURT] What is the Defendant going to say that he attempted to do, or did he?
>
> [DEFENSE COUNSEL] Judge, I think in order to make a factual basis, it would be attempted oral sexual contact.
>
> [THE COURT] Meaning, having her put her mouth to his penis?
>
> [DEFENSE COUNSEL] That's correct.
>
> [THE COURT] And did he take steps to do that?
>
> [DEFENSE COUNSEL] That's correct.
>
> [THE COURT] And did he accomplish that goal?
>
> [DEFENSE COUNSEL] No.
>
> [THE COURT] Give me some physical steps that he had to do beyond restraining the victim.
>
> [DEFENSE COUNSEL] I believe he pulled her head towards his penis. That's the allegation and that's what the State will show at trial . . .My client has a little bit of difficulty with that, just for the Court's information.

1

2  [THE COURT] I'm going to ask him if he admits to everything and if he doesn't, everything falls apart. Say what he's going to admit.

3

4  [DEFENSE COUNSEL] That's what I want to state is the factual basis. . . .

5  [THE COURT] Let me stop you for a second. Is everything that your lawyer said what, in fact, truly happened in Maricopa County, Arizona, on December 11, 2002, sir?

6  [THE DEFENDANT] Yes, your honor.

7  [THE COURT] Okay, let's keep going.

8  [DEFENSE COUNSEL] With regards to Count 1, on December 4th, the year 2002, this was in Maricopa County . . . In Mesa, Maricopa County, Mr. Shreeve took property from Celia Corvales, . . .attempted to take money or took money from her person or in her immediate presence. He did that with the intent to coerce this property from her and this was money from a laundromat.

9

10

11  [THE COURT] How did he do it? Did he coerce her?

12  [DEFENDS COUNSEL] Used threats that he was going to harm her . . .[W]ith regards to Count 3, on December 11, 2002, Maricopa County, Mr. Shreeve in the course of taking property from another; specifically, Odell R. Blanco, . . .he made some threats against her to hurt or harm her, with the intent to coerce her and with the intent to surrender any money from the coin-operated laundry.

13

14

15  [THE COURT] Is everything that your lawyer just said true, sir?

16  [DEFENDANT] Yes, your Honor.

17  [THE COURT] And does the State want to make any additions to this factual basis?

18  [THE PROSECUTOR] . . .In addition, to the robbery counts, the Defendant also using threats took money from the actual person. It was not just money that belonged to the Laundromat, but actually money from their purse or money that belonged to them. With regards to Count 5, the Defendant also made the victim disrobe. She was completely naked and the victim told the police that the Defendant forced her to perform oral sex on him.

19

20

21  (Doc. #1, Exh. C at 7-11.)

22  A Presentence Report was prepared prior to sentencing, and reflected that Petitioner

23  admitted the conduct underlying his guilty pleas, and also reflected that the conduct

24  underlying Counts 1 and 3 (robbery) occurred prior in time to the kidnaping and sexual assault

25  counts, involved different victims, and occurred at a different location. (Doc. #14, Exh. 3 at

26  1-2.) On October 31, 2003, the court sentenced Petitioner as follows: (i) Count 8 (kidnaping):

27  an aggravated sentence of 8 years in prison; (ii) Count 5 (attempted sexual assault): lifetime

28  probation, beginning upon release from DOC confinement; (iii.) Counts 1 & 3 (robbery): 4

- 4 -

years probation, beginning on release from DOC confinement. (Doc. #1, Exh. D at 15-18; Exh. E.) The court explained its basis for imposing an aggravated sentence on Count 8 (kidnaping), as his conduct underlying his convictions on Counts 1 & 3 (robbery).

> First, let's talk about Count 8. I have considered the circumstances. I find the conduct of the Defendant, which led to Defendant's convictions under Counts 1 and 3, to be aggravating circumstances, which justify an aggravated sentence. Therefore, it is the judgment and sentence of the Court that you be imprisoned in the state prison for a term of 8 years, which is an aggravated term.

(Id. Exh. D at 15-16.)

**B. Petition for Post-Conviction Relief**:

Petitioner filed a Petition for Post-Conviction Relief (PCR) on July 14, 2004. (Doc. #1, Exh. F.) The sole issue raised in his petition was whether or not Petitioner's rights under the Sixth Amendment were violated when he was sentenced to an aggravated prison term. (Id. at 3.) Petitioner argued that the recent U.S. Supreme Court case of Blakely v. Washington mandated this result. (Id.) "The quagmire created by this recent case is the sole issue in this petition." (Id.) In support of his position, Petitioner argued that "[b]ecause the facts that supported defendant's exceptional aggravated sentence were neither admitted by Mr. Shreeve nor found by a jury, the sentence violated his Sixth Amendment right to a trial by jury and this matter must be remanded for an evidentiary hearing." (Id. at 4.)

On October 7, 2004, the trial court dismissed the PCR, finding that Petitioner had admitted the aggravating circumstances found by the court, and therefore his aggravated sentence fell squarely within the U.S. Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000):

> In this case, Defendant pled guilty to four felonies. These felonies actually arose from three separate incidents. Under Count 1, Defendant admitted to a Laundromat robbery. Under Count 3, Defendant admitted to a second Laundromat robbery. Counts 5 and 8 arose from a third criminal incident. Under Counts 5 and 8, Defendant pled guilty to Attempted Sexual Assault and Kidnaping.
>
> On Count 8, the Court sentenced Defendant to an Aggravated term of eight years in prison. This aggravated sentence was supported by the Court's finding that "the conduct of the Defendant which led to Defendant's convictions under Counts 1 and 3" was an aggravating circumstance. In other words, the Court found other criminal conduct of Defendant to be an aggravating circumstance with respect to Count 8. In Arizona, it is clear that other criminal conduct can justify an aggravated sentence. See State v. Johnson, 183 Ariz. 623, 635 (App. 1995).

> In these post-conviction relief proceedings, Defendant challenges his aggravated sentence. Defendant argues that, in light of <u>Apprendi</u> and <u>Blakely</u>, a jury finding with respect to the aggravating circumstance was required.
>
> It is true that findings regarding aggravating circumstances must normally be made by a jury. But the Supreme Court has explicitly recognized that a jury finding is not necessary when a Defendant has "admitted" the aggravating circumstance. <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348, 2361 (2000). This "admission" exception to the jury trial requirement is clearly applicable in a situation like this, where Defendant's admission was in the form of guilty pleas (i.e. where the Defendant "had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt" and waived those rights in the context of his admission). See <u>Apprendi</u> at 2366.
>
> Based on the foregoing, the Court concludes that the claim submitted by Defendant does not present a material issue of fact or law which would entitle Defendant to post-conviction relief and that no purpose would be served by any further proceedings.

(Doc. #1, Exh. G.)

Petitioner filed a Petition for Review to the Arizona Court of Appeals, setting forth in substance the same issue raised in his PCR. Additionally, he complained that the "record is not clear concerning the trial court's reference to Petitioner's 'conduct' beyond that it led to other convictions." (Doc. #1, Exh. H at 6.) Petitioner argued in conclusion that "[b]ecause it is unknown what 'conduct' the trial court was referring to, and because the trial court utilized aggravating factors that were not found by the jury or admitted by Petitioner, this matter must be remanded for resentencing." (<u>Id.</u>)

The Arizona Court of Appeals denied review without comment on August 16, 2005. (Doc. #1, Exh. I.) Petitioner then filed a Petition for Review by the Arizona Supreme Court, arguing again that the trial court abused its discretion in imposing an aggravated term in violation of <u>Blakely</u>. (Doc. #1, Exh. J at 3.) The Arizona Supreme Court, on April 20, 2006, remanded Petitioner's case to the Court of Appeals for reconsideration in light of <u>State v. Brown</u> (McMullen ), 212 Ariz. 225 (2006). (Doc. #1, Exh. K.) On September 12, 2006, the Arizona Court of Appeals reconsidered the matter and denied review without comment. (Doc. #1, Exh. L.)

Petitioner filed a Petition for Review of this decision to the Arizona Supreme Court on October 16, 2006. (Doc. #1, Exh. M.) Therein he argued that he was denied his rights under the Sixth Amendment to have a jury determine the aggravating circumstances in his case,

- 6 -

citing Blakely, State v. Brown (McMullen), 205 Ariz. 325 (2003), State v. Brown (McMullen I), 209 Ariz. 200 (2004), and State v. Brown (McMullen II), 212 Ariz. 225 (2006). (Id.) The Arizona Supreme Court denied review without comment on March 13, 2007. (Doc. #1, Exh. O.) Petitioner timely filed his Petition for Writ of Habeas Corpus on November 29, 2007. (Doc. #1.)

## LEGAL ANALYSIS

**A.     Merits Analysis**

**1.     AEDPA Standard of Review**

Under the AEDPA[3], a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-413 (2000) (O'Connor, J., concurring and delivering the opinion of the Court as to the AEDPA standard of review). A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." Taylor, 529 U.S. at 405-06. "A state court's decision can involve an 'unreasonable application' of Federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002). Thus, the "unreasonable application" clause requires the state court's application of Supreme Court law to be more than incorrect or erroneous; it must be objectively unreasonable. Lockyer v. Andrade, 538

---

[3] Antiterrorism and Effective Death Penalty Act of 1996.

- 7 -

U.S. 63, 75 (2003).  "When applying these standards, the federal court should review the 'last reasoned decision' by a state court ...." Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

**2.      Petitioner's Claim**

Petitioner's claim, that he was entitled to a jury finding of the facts supporting the imposition of an aggravated sentence in his case, is without merit.  The state court's conclusion that Petitioner was not entitled to a jury trial on the same facts he admitted in open court, which resulted in separate prior felony convictions, before those convictions could be considered in his sentence, is not a conclusion that was "contrary to, or . . .an unreasonable application of," clearly established Supreme Court precedent.

In Blakely, the Supreme Court applied the rule announced in Apprendi, 530 U.S. at 490: "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."  The Court explained in Blakely that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  Blakely, 542 U.S. at 303 (citations omitted).  A jury verdict is not required to exceed the statutory maximum, which under the Arizona sentencing scheme is the presumptive sentence[4], when the facts supporting the enhancement are established by a plea of guilty, admitted by defendant, or are subsumed in a prior conviction.  See id.

Applying these principles, the sentencing court's use of the facts admitted by Petitioner, upon pleading guilty to the two robberies ("the conduct of the Defendant, which led to Defendant's convictions under Counts 1 and 2") to aggravate Petitioner's kidnaping sentence

---

[4]Brown (McMullen I), 209 Ariz. at 203 (Because a sentence in excess of five years could be imposed on McMullen only after a finding of one or more aggravating circumstances in 13-702(C) the Sixth Amendment guarantee of jury trial extends to the finding of these facts and requires proof beyond a reasonable doubt.) State v. Martinez, 210 Ariz. 578, 583 (2004) (accord).

- 8 -

1 conformed to established Supreme Court precedent.  The trial court's adverse decision on
2 Petitioner's PCR, was likewise consistent with clearly-established Supreme Court holdings:

> It is true that findings regarding aggravating circumstances must normally be made by a jury.  But the Supreme Court has explicitly recognized that a jury finding is not necessary when a Defendant has "admitted" the aggravating circumstance. <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348, 2361 (2000).  This "admission" exception to the jury trial requirement is clearly applicable in a situation like this, where Defendant's admission was in the form of guilty pleas (i.e. where the Defendant "had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt" and waived those rights in the context of his admission). <u>See</u> <u>Apprendi</u> at 2366.

(Doc. #1, Exh. G.)

8 The Supreme Court's remand, and the Court of Appeal's affirmance in light of <u>Brown</u>
9 (McMullen I), was also based solidly on Supreme Court precedent.  In <u>Brown</u> (McMullen I)
10 the court pointed out that Section 702(A)[5] allows an increase of the presumptive sentence to
11 the maximum based upon aggravating circumstances.  209 Ariz. at 203.  Pursuant to A.R.S.
12 §13-702(C)(11),  the court *is required* to consider prior felony convictions that occurred
13 within ten years preceding the date of the offense of conviction.

14 Numerous federal courts have repeatedly upheld aggravated sentences based upon
15 admissions contained in guilty pleas. <u>United States v. Quintana-Quintana</u>, 383 F.3d 1052,
16 1053 (9th Cir. 2004) (citing widespread agreement among federal circuit courts that <u>Blakely</u>
17 preserves the exception for the fact of a prior conviction). In this particular case, defendant
18 admitted the facts utilized to aggravate his kidnaping conviction in his plea proceedings.
19 Those facts also were the same facts supporting his prior convictions on the two robbery
20 convictions, Counts 1 and 3.

21 Whether the argument is framed that Petitioner waived his right to a jury trial on the
22 aggravating factors in his pleas of guilty, or whether it is framed that the aggravating factors
23 are prior felony convictions and thus <u>Blakely</u>-exempt, the result is the same, since Petitioner's
24 robbery count admissions are synonymous with the robbery convictions.  Petitioner was

---

[5]A.R.S. §702 is referenced in on page one of Petitioner's Plea Agreement under the plea section: The Defendant agrees to plead GUILTY to: Counts 8, KIDNAPPING, a class 2 felony, in violation of A.R.S. §§13-1304, 13-1301, 13-701, **13-702** . . .(Doc. #1, Exh. B at. 1.)(caps in original)(emphasis added.)

1 advised in the plea agreement, and during the plea proceedings of his right to a jury trial on
2 the robbery counts, and that in entering a plea of guilty, he would be waiving that right.
3 (Doc.#1, Exh. B at 3, ¶10; Id. Exh. C at 6-7.) See, Brown (McMullen II), 212 at 231 (affirmed
4 Sixth Amendment right to jury trial on aggravating factors, unless the defendant has waived
5 his right to a jury trial on those factors, or unless the factors are Blakely-exempt). Petitioner
6 also agreed in his plea agreement that he would be sentenced in excess of the presumptive
7 sentence[6], thus he was aware that his sentence would be aggravated

8 Therefore, Petitioner can not now claim that he was denied a right under the Sixth
9 Amendment to a jury trial on the facts used to enhance his sentence.

10 **3.    Petitioner's Facts Supporting Claim**

11 Petitioner lists twenty-one paragraphs of "facts" in support of his one habeas claim. (Doc.
12 #1 at 6-6(I).) In an abundance of caution, Respondents address the procedural status of these
13 facts that could be interpreted to suggest additional claims. (Doc. #14 at 14-17.) In his Reply,
14 Petitioner states that his "only claim is the one presented which encompass jurisdictional and
15 constitutional violations that is not procedurally-defaulted because the supporting operative
16 facts, that make up the aggregate record of the state proceedings verify and give credence and
17 validity to the claim." (Doc. #15 at 4-5.) Petitioner's seeming reiteration in his Reply of the
18 classification of the "supporting facts" in his Petition as purely factual allegations, suggests
19 the conclusion that Respondents' caution is unnecessary.  The Court nonetheless has
20 reviewed those supporting facts and addresses those  that could be interpreted to allege a
21 separate substantive claim:

22 Paragraphs 3-5 (Doc. #1 at 6-6(A).).

23 Petitioner suggests that his constitutional rights were violated because his plea agreement
24 should have given him notice of his right to a jury determination of aggravating factors.
25 Petitioner did not raise this as a constitutional claim during the state proceedings, and the

---

[6]"THE DEFENDANT SHALL BE SENTENCED TO THE DEPARTMENT OF CORRECTIONS FOR **NOT LESS THAN THE PRESUMPTIVE**." (Doc. #1, Exh. B ¶2) (caps in original)(emphasis added.)

1  claim is thus barred from review as unexhausted. Before a federal court may grant habeas
2  corpus relief to a state prisoner, the prisoner must exhaust remedies available in the state
3  courts. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Coleman
4  v. Thompson, 501 U.S. 722, 731 (1991).  To properly exhaust state remedies, the prisoner
5  must have afforded the state courts the opportunity to rule upon the merits of his federal
6  constitutional claims by "fairly presenting" them to the state courts in a procedurally
7  appropriate manner. Castille v. Peoples, 489 U.S. 346, 349 (1989); Baldwin v. Reese, 541
8  U.S. 27, 29 (2004) (stating that "[t]o provide the State with the necessary 'opportunity,' the
9  prisoner must 'fairly present' her claim in each appropriate state court . . . thereby alerting the
10 court to the federal nature of the claim").  A petitioner has the burden of alleging exhaustion.
11 Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curium*), *cert. denied*, 455 U.S.
12 1023 (1983).

13      Petitioner's claim is also procedurally defaulted, because any attempt to raise the issue
14 in state court would be futile as time-barred. Ariz. R. Crim. P. 32.1(a)(3) (relief is precluded
15 for claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a); Ariz.
16 R. Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's
17 decision).  A state post-conviction action is futile where it is time barred. Beaty v. Stewart,
18 303 F.3d 975, 987 (9th Cir. 2002); Moreno v. Gonzalez, 116 F.3d 409, 410 (9th Cir. 1997)
19 (recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an
20 Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

21      Furthermore, the claim is without merit, as Petitioner was advised in both his plea
22 agreement and during his plea colloquy that he was waiving his right to a jury trial, and was
23 also advised that he would receive, pursuant to his agreed-upon stipulation, an aggravated
24 sentence. Petitioner also waived, in his plea agreement, "any and all . . .motions, defenses,
25 objections, or requests which he . . .could assert hereafter, to the Court's . . .imposition of a
26 sentence upon him . . .consistent with this agreement."  (Doc. #1, Exh. B at 3, ¶6.)
27 Paragraph 8 (Doc. #1 at 6(B).).
28

To the extent Petitioner claims that his federal constitutional rights were violated by the trial court's failure to consider mitigating factors as mandated by Arizona law, that claim is likewise unexhausted, and procedurally defaulted. In any event, the claim is a state law claim, beyond the purview of federal habeas law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas court to re-examine state court determinations of state law questions.").

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed.R.Civ.P. 72.

DATED this 26th day of August, 2008.

_____
Michelle H. Burns
United States Magistrate Judge