**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Aaron R. Shreeve,           )<br>                             )<br>           Petitioner, )<br>                             )<br>vs.                          )<br>                             )<br>Dora Schriro, et al.,        )<br>                             )<br>           Respondents.      )<br>_____) | No. CV 07-2477-PHX-MHM<br><br>**ORDER** |

On December 5, 2007, Petitioner, who is confined in the Arizona State Prison Complex in Florence, Arizona, timely filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. # 1). Respondents then filed an Answer (Doc. # 14), to which Petitioner filed a Reply. (Doc. # 16).

This matter was referred to Magistrate Judge Michelle H. Burns, who issued a Report and Recommendation on August 26, 2008 recommending the Petition be denied and dismissed with prejudice. (Doc. # 20). On September 9, 2008, Petitioner filed an Objection to Magistrate's Report and Recommendation. (Doc. # 21).

**I.    BACKGROUND**

On March 10, 2003, a Maricopa County Grand Jury indicted Petitioner on eight felonies that took place over the course of a week. (Doc. # 1, Ex. A). On July 16, 2003, Petitioner pled guilty to two counts of robbery, one count of attempted sexual assault, and

one count of kidnaping: Count 1 of robbery took place on December 4, 2002; Count 3 of robbery took place on December 11; Count 5 of attempted sexual assault took place on December 11; and Count 8 of kidnaping took place on December 11. (Doc. # 1, Ex. B). At issue in this case is the aggravated sentence Petitioner received for Count 8.

The plea agreement states that, with respect to Count 8, Petitioner shall be sentenced to not less than the presumptive five years, though the plea agreement contemplates a maximum of ten years. (Doc. # 1, Ex. B).[1] As part of the plea agreement, Petitioner waived his right to a trial by jury. (Id.).

The sentencing hearing was held on October 31, 2003. (Id., Ex. D). The basis for the aggravated sentence for Count 8 was "the conduct of the Defendant, which led to the Defendant's convictions under Counts 1 and 3 . . . . " (Doc. #1, Ex. D at 15). On July 14, 2004, Petitioner filed a Petition for Post-Conviction Relief challenging the aggravated sentence and citing to Blakely v. Washington, 542 U.S. 296 (2004): "The quagmire created by this recent case is the sole issue in this petition." (Doc. # 1, Ex. F). After a thorough review of the record, however, this Court discerns, not one, but four claims being alleged by Petitioner.

Petitioner argues that, in light of Blakely and Apprendi v. New Jersey, 530 U.S. 466 (2000), the facts supporting the aggravated sentence must be either admitted by the defendant or found by a jury. (Doc. #1, Ex. F). Petitioner asserts he did not admit these facts and that, as a result, the sentence violated his right to a trial by jury as guaranteed by the Sixth Amendment to the U.S. Constitution. (Id.).

Petitioner also claims he was not "made aware of his right to have a jury find any aggravating factor." (Id.). In other words, even if Petitioner had admitted the facts supporting the aggravated sentence, he did not waive his right to a jury determination of those facts. This Court understands this to be a claim under the Due Process clause of the Fourteenth Amendment to the U.S. Constitution.

---

[1] This is consistent with A.R.S. § 13–701(c)(1).

Petitioner's third claim is also a Due Process claim: the State violated the terms of the plea agreement when, during the sentencing hearing, it "mentioned a crime spree which was not to be alleged under the terms of the plea and asked for an aggravated sentence beyond the five-year presumptive." (Doc. # 1 at 6(B)).

The final claim is that the trial court failed to properly consider mitigating factors. (Id.). This, too, is understood by this Court to be a Due Process claim.

On July 14, 2004, Petitioner filed a petition for Post-Conviction Relief with the Superior Court. (Id., Ex. F). That petition was reviewed and dismissed on October 7, 2004. (Id., Ex. G). Before filing a petition with this Court, Petitioner filed appeals with the Arizona State Court of Appeals and the Arizona Supreme Court. Those petitions were denied without review. (Id., Exs. H, J, M).

On December 5, 2007, Petitioner filed Petition for Writ of Habeas Corpus. (Id.). On August 27, 2008, Magistrate Judge Michelle H. Burns issued a Report and Recommendation dismissing the petition with prejudice. (Doc. # 20). Petitioner filed an Objection to the Report and Recommendation on September 9, 2008. (Doc. # 21). This Court now considers for review that Report and Recommendation.

## II. STANDARD OF REVIEW

In general, writs of habeas corpus may be granted by the federal courts. 28 U.S.C. § 2241(a). However, before granting a state prisoner's federal habeas petition, the petitioner must have exhausted the remedies available in the state courts. 28 U. S. C. § 2254(b)(1)(A); Coleman v. Thompson, 501 U.S. 722, 731 (1991). Otherwise, the claims may be procedurally defaulted. If the petitioner satisfies the exhaustion requirement, habeas relief may be granted on any claim "adjudicated on the merits" by the state court only if the adjudication resulted in a decision contrary to clearly established federal law, as determined by the Supreme Court of the United States, or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

As long as objection is properly made, the district court is to review the magistrate judge's findings and recommendations *de novo*. 28 U.S.C. § 636(b)(1)(C); United States v.

Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Objection was properly made by Petitioner. (Doc. #21). A district court has authority to accept, reject, or modify the magistrate judge report and recommendation. 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

### A. Sixth Amendment Claim

Petitioner's central claim is that the aggravated sentence violated Petitioner's right to a jury trial under the Sixth Amendment to the U.S. Constitution. With respect to aggravated sentences and the Sixth Amendment, the Supreme Court of the United States has held the following: "'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" Blakely 542 U.S. at 301 (quoting Apprendi, 530 U.S. at 490). A defendant may waive the right to a jury trial and admit the relevant facts that support a sentence in excess of the statutory maximum. United States v. Booker, 543 U.S. 220, 276–77 (2005). In other words, there are two sets of facts a judge may use to support a sentence in excess of the statutory maximum without violating the right to a jury trial: 1) a prior conviction; or 2) facts admitted by a defendant. In Arizona, the statutory maximum is the presumptive sentence. See Sanchez v. Schriro, No. 07-1990 (PHX/JAT), 2009 U.S. Dist. LEXIS 40173, at *17 (D. Ariz. May 11, 2009) (citing State v. Price, 171 P.3d 1223 (2007)) (holding that the statutory maximum for purposes of Apprendi and Blakely is the presumptive sentence established by statute).

Under A.R.S. § 13–701(c)(1), the presumptive sentence for kidnaping, a class 2 felony, is five years. The trial court aggravated that sentence to a term of eight year on the basis of "the conduct of the Defendant, which led to the Defendant's convictions under Counts 1 and 3." (Doc. # 1, Ex. D at 15–16). Petitioner argues that Counts 1 and 3 were not "prior convictions" and denies admitting the facts the court used to aggravate his sentence. (Id. at 6). However, this Court understands the trial court's justification for the aggravated sentence to be, not the *convictions* for Counts 1 and 3, but rather the *conduct* underlying those convictions. Consequently, as long as Petitioner admitted those facts – i.e., the conduct that

- 4 -

led to convictions under Counts 1 and 3 – the trial court properly aggravated the sentence in accordance with Blakely and Apprendi.

Turning to the record, it is clear that Petitioner *did* admit the facts that justified the aggravated sentence. During the plea agreement hearing on July 16, 2003, Petitioner's lawyer recited a set of facts in support of Counts 1 and 3: "With regards to Count 1, on December 4th, the year 2002 . . . Mr. Shreeve took property from [victim] . . . attempted to take money or took money from her person or in her immediate presence. He did that with the intent to coerce this property from her and this was money from a laundromat . . . . With regards to Count 3 . . . he made some threats against [victim] to hurt her or harm her, with the intent to coerce her and with the intent to surrender any money from the coin-operated laundry." (Id., Ex. C at 9–10). The court then asked Petitioner, "Is everything that your lawyer just said true, sir?" (Id., Ex. C at 10). Petitioner replied, "Yes, your Honor." (Id.).

At the subsequent sentencing hearing on October 31, 2003, the judge announced "First let's talk about Count 8. I have considered the circumstance. I find the conduct of the Defendant, which led to the Defendant's convictions under Counts 1 and 3, to be aggravating circumstances which justify an aggravated sentence. Therefore, it is the judgment and sentence of the Court that you be imprisoned in the state prison for a term of 8 years, which is an aggravated term." (Id., Ex. D at 15–16). Petitioner avers "it is unknown what 'conduct' the trial court was referring to." (Id., Ex. H at 6).[2] To the contrary, it is quite clear the conduct the trial court was referring to; in fact, the *only* conduct on record regarding counts 1 and 3 was the conduct detailed by Petitioner's counsel at the plea agreement hearing. This Court therefore finds that the conduct which justified the aggravated sentence was established by the trial court and admitted by Petitioner.

/ / /

---

[2] Petitioner made no objection to the court's findings – constitutional or otherwise – at either the plea agreement hearing or the sentencing hearing.

**B. Due Process Claims**

Petitioner appears to assert three unique claims under the Due Process clause of the Fourteenth Amendment to the U.S. Constitution. In the first instance, Petitioner argues that the trial judge violated his Due Process rights by failing to explain that Petitioner was entitled to a jury determination of aggravating factors beyond the presumptive sentence. (Doc # 1, Ex. F at 2).[3]

The U.S. Supreme Court has held that for a waiver of the right to a jury trial to be valid, the waiver must be made knowingly, intelligently, and voluntarily. McCarthy v. United States, 394 U.S. 459, 466 (1969); Boykin v. Alabama, 395 U.S. 238, 242 (1969).

Petitioner's plea agreement states the following: "The crimes [sic] in Count 8 carries a presumptive sentence of 5 years; a minimum sentence of 4 years . . . ; and a maximum sentence of 10 years . . . . FOR COUNTS [sic] 8 THE DEFENDANT SHALL BE SENTENCED . . . FOR NOT LESS THAN THE PRESUMPTIVE." (Doc. # 1, Ex. B) (original emphasis). At the plea agreement hearing, the trial court explained the sentencing range for each of the 4 counts. (Id., Ex. C at 4–5). Specifically, the court said that "Count 8 carries a normal prison sentence of five years, which can be reduced to as little as three years or increased to as much as twelve and a half years, depending on the circumstances." (Id.). After making this statement, the court turned to Petitioner and asked "Do you understand all the matters that I just explained to you?" (Id., Ex. C at 5). Petitioner replied, "Yes." (Id., Ex. C at 6). Petitioner was put on notice that a sentence beyond the presumptive and up to the maximum was possible.

More to the point, the plea agreement makes explicit reference to Petitioner's waiver of his right to a jury trial: "the Defendant hereby waives and gives up any and all motions,

---

[3]The State, in its Answer, claims that Petitioner failed to assert this claim in any of his post-conviction pleadings. (Doc. # 14 at 14). To the contrary, Petitioner's first petition – Petition For Post Conviction Relief filed with the trial court – states that "the United States Supreme Court has recently ruled that a defendant *must be made aware* of his right to have a jury find any aggravating factor." (Doc # 1, Ex. F at 2) (emphasis added).

defenses, objections, or requested which he/she has made or raised, or could assert hereafter, to the Court's entry of judgment against him/her and imposition of a sentence upon him/her consistent with this agreement . . . . I understand that by pleading guilty I will be waiving and giving up my right . . . to a trial by jury." (Doc. #1, Ex. B). At the plea hearing, moreover, the court told Petitioner, "By pleading guilty, you give up . . . the right to a jury trial with a lawyer representing you . . . . Do you understand these rights?" (Id., Ex. C at 6). Petitioner responded, "Yes, sir." (Id.). At no point during the plea agreement hearing or the sentencing hearing did Petitioner or his lawyer raise any objections regarding the terms or voluntariness of the plea agreement. The Court therefore finds that Petitioner was sufficiently aware of the possibility of an aggravated sentence and waived any objection to the court's sentencing. Indeed there is little more the trial court could have done to ensure the his constitutional right to a jury trial was waived knowingly, voluntarily, or intelligently.

Petitioner's second Due Process claim is that the State violated the terms of the plea agreement. Paragraph 15 states that the plea agreement is not binding "until the State confirms all representations made by the Defendant and his/her attorney, to wit: no prior felony convictions." (Doc. #1, Ex. B). Petitioner did not raise this claim in any of his appeals in the state courts. In fact, the first time he made the claim was in a supplement to his habeas petition. (Doc. # 1 at 6(A)-(B)).

For a claim to be properly before a federal court, it must comply with the exhaustion requirement. To comply with the exhaustion doctrine, it is not enough that "all the facts necessary to support the federal claim were before the state courts. Anderson v. Harless, 459 U.S. 4, 6 (1982). See also O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (affirming the exhaustion doctrine). Rather, the *substance* of the claim must have been fairly presented to the state courts. Id. See also Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996) (finding that in order to satisfy the exhaustion requirements a petitioner must alert the state courts to a federal constitutional claim regardless of its similarity to other issues raised in state court). Even though the *facts* supporting Petitioner's claim were before the state courts, he failed to

raise the issue there and therefore failed to properly exhaust his available state remedies as required under 28 U.S.C. § 2254.

In spite of this procedural defect, this Court finds that Petitioner's claim fails on the merits.[4] During the sentencing hearing, the attorney for the State asserted the following: "Although the defendant does not have any prior felony conviction, he certainly racked a number of them in one fail [sic] swoop. I would actually call this a crime spree." (Doc. #1, Ex. D at 10). In this statement, the State disavows any representation of any *prior* felony convictions. The implication of the comments is that Petitioner committed a number of crimes *at the same time*.

Regardless of how the State's comments are interpreted, Petitioner misconstrues the terms of the plea agreement. The more reasonable interpretation of paragraph 15 is that the State cannot mention any crimes for which Petitioner was convicted before the plea agreement was signed. It is illogical to suggest that the plea agreement prohibits the State from mentioning the crimes to which Petitioner pled guilty in the very same plea agreement. This Court finds that the State did not violate the terms of the plea agreement; Petitioner's Due Process rights were not violated.

Petitioner's third and final Due Process claim alleges that the trial court did not consider mitigating factors as required under A.R.S. § 13-702(d). This claim was not presented to the state courts and therefore fails the exhaustion requirements discussed above. This Court nonetheless finds that the claim fails on the merits.[5]

The sentencing court does not have to specifically discuss any of the mitigating evidence. See Lopez v. Shriro, 491 F.3d 1029, 1038 (9th Cir. 2007). It is constitutionally

---

[4]This Court has authority to deny an application for a writ of habeas corpus on the merits even though the petitioner failed to exhaust the remedies available in the State courts. 28 U.S.C. § 2254(b)(2).

[5]Again, this Court may deny a claim on the merits even though the claim fails to satisfy the exhaustion doctrine. 28 U.S.C. § 2254(b)(2).

- 8 -

sufficient if a reviewing federal court can discern that the state court considered all mitigating evidence offered by the defendant. Jeffers v Lewis, 38 F.3d 411, 418 (9th Cir. 1994). See also Lopez, 491 F.3d at 1038 (finding it enough for the court to state it read the presentence reports and considered the mitigating evidence presented by the defendant).

At the outset of the sentencing hearing, the trial court judge stated, "I have read and considered the Presentence Report and everything attached to it and the supplement to the Presentence Report and the letter submitted on behalf of the Defendant and the Defense mitigation letter." (Doc. #1 Ex. D at 4). The court made no other mention of mitigating factors and did specifically discuss any of the mitigating evidence, but, as indicated above, it has no obligation to do so. This Court finds that, consistent with the Due Process requirements of the U.S. Constitution, the trial court properly considered the mitigating factors.

In sum, although some of Petitioner's claims are procedural defective, all of the claims fail on the merits. For that reason,

**Accordingly,**

**IT IS HEREBY ORDERED** adopting the Report and Recommendation of the Magistrate Judge (Doc. # 20) in its entirety as order of this Court.

**IT IS FURTHER ORDERED** dismissing with prejudice the Petition for Writ of Habeas Corpus. (Doc. # 1).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 29th day of June, 2009.

Mary H. Murguia
United States District Judge